IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TICOR TITLE INSURANCE COMPANY,

       Plaintiff,                          07cv0324

                                         **ELECTRONICALLY FILED**

      v.

AMERICAN DEED COMPANY, LLC,
RICHARD STROMBERG, DAVID
LANDMAN,

       Defendant.

## **PRELIMINARY INJUNCTION ORDER**

AND NOW, this 21st day of March, 2007, after careful consideration of plaintiff Ticor Title Insurance Company's Motion for Preliminary Injunction, and the Verified Complaint; the respective positions of Defendant Richard Stromberg and the trustee for the bankruptcy estate of defendant American Deed Company, LLC; the Stipulation and/or Consent Order among Plaintiff, Defendant American Deed Company, LLC, and Defendant Stromberg; and Defendant David Landman's response to the motion for preliminary injunction and answer to the complaint; and after taking testimony from plaintiff's witness and taking evidence at the hearing of this date; the Court finds that plaintiff's witness is credible, and that Ticor has met its burden of showing (1) a reasonable probability that plaintiff ultimately will succeed on the merits; (2) that Ticor would be irreparably harmed by denying the injunction; (3) that there will not be greater harm to the nonmoving parties if the injunction is granted; and (4) that the injunction is in the public interest. *ACLU v. Reno*, 217 F.3d 162, 172 (3d Cir. 2000).  Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (doc. no. 4) is **GRANTED**.

**IT IS FURTHER ORDERED**, that Defendant Landman, and all other persons or entities within his control or supervision, and all other persons or entities acting in concert with him or on his behalf or participating with him, are hereby ordered to:

    A.    Immediately discontinue removal of funds from Ticor real-estate transactions.

    B.    Provide to counsel for Ticor, by 3:00 PM on Friday, March 23, 2007, all of the following:

        (i)    All orders involving Ticor's title assurances which have not closed;

        (ii)    All orders involving Ticor's title assurances which have closed but for which no policy has been issued;

        (iii)    All commitments, policies, endorsements and other title assurances of Ticor which have been issued but not reported to Ticor;

        (iv)    All issued Closing Protection Letters; and

        (v)    All un-issued title policy jackets, commitments and Ticor forms such as endorsements; and

    C.    Provide to counsel for Ticor, on or before Monday, March 26, 2007, at 3:00 PM, all files related to Ticor matters, including all documents and things that refer to or reflect funds from Ticor insured transactions and a complete accounting of all Ticor insured transactions.

IT IS FURTHER ORDERED that all accounts of defendant Landman holding proceeds from Ticor transactions shall be frozen, and that Defendant Landman shall identify all such accounts and cooperate to ensure that such accounts are frozen, by 3:00 PM on Friday, March 23, 2007, to counsel for Ticor.

This Order shall remain in effect until a final hearing on the merits of Plaintiff's Complaint or until further Order of Court. The bond (doc. no. 13) posted for the Temporary Restraining Order (doc. no. 9) shall remain in effect for this Preliminary Injunction Order.

                                  s/ Arthur J. Schwab
                                  Arthur J. Schwab
                                  United States District Judge

cc:    All Registered ECF Counsel and Parties